UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS SIMON | CIVIL ACTION NO. 12-cv-3004 |
| VERSUS | JUDGE HAIK |
| GULFPORT ENERGY CORP. | MAGISTRATE JUDGE HANNA |

### *SUE SPONTE* JURISDICTIONAL BRIEFING ORDER

This case was timely removed from the 15th Judicial District Court, Parish of Lafayette on November 30, 2012, based on the diversity of the parties and the allegation that the amount in controversy was in excess of $75,000, exclusive of interest and costs. [Doc. 1] The removing party was the original defendant Gulfport Energy Corporation. A jurisdictional review was done by the undersigned on January 31, 2013, concluding that the requisites for diversity jurisdiction had been met. [Doc. 9]

On May 13, 2013, on Plaintiff's request, the undersigned granted leave for the filing of a First Supplemental and Amending Complaint, which added two new defendants to the action. [Docs. 14-15] The new defendants were identified by Plaintiff to be foreign corporations authorized and/or licensed to do and doing business in Louisiana. In responding to the amending complaint, Defendant

PECOFacet (US), Inc. (incorrectly named in the amending complaint as PECOFACET INC.) admitted it is not domiciled in Louisiana. No other detail was provided regarding citizenship in the Answer or the Corporate Disclosure Statement filed the same date. [Doc. 20-21] The second defendant Athena Construction LLC admitted in its answer that it is authorized to do and does business in Louisiana. [Doc. 26] In its Corporate Disclosure Statement, Athena identified its sole members as GWES Holdings, LLC and Diamondback Holdings, LLC. [Doc. 27] No other details were provided regarding citizenship.

On October 11, 2013, the parties submitted to the undersigned the Joint Rule 26(f) Report required by the Court's Scheduling Order. In the joint submission, the parties acknowledge that the citizenship of the new defendants is not clear from the pleadings. Plaintiff suggests that the addition of the new defendants "might destroy diversity," specifically referencing the defendant Athena Construction LLC as a domiciliary of Morgan City, Louisiana. Defendant Athena Construction LLC has acknowledged that its citizenship, for diversity jurisdiction purposes, is dependent on the citizenship of its members, and Athena has declared it is "in the process of confirming that its members are not citizens of Louisiana."

The undersigned finds that the allegations of the plaintiffs' amending petition are insufficient to establish that the newly-added parties are diverse in citizenship

and/or whether diversity has been destroyed by their addition as parties. When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[1]

Further, one of the newly added defendants is a limited liability company, a LLC. As Defendant Athena has acknowledged, a limited liability company is a citizen of every state in which any *member* of the company is a citizen,[2] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[3] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[4] If any one of the members is not diverse, the limited liability company is not diverse.

In this case, the citizenships of the parties have not been distinctly and affirmatively set out in either the amending complaint or the responsive pleadings. Accordingly, the undersigned cannot determine, on the basis of the information

---

[1] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[2] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[4] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Randolph v. Wyatt*, 2010 WL 299257, 1 (W.D. La. 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, 2009 WL 5198183, 1 (W.D. La. 2009). See also *Lawson v. Chrysler LLC*, 961226, 2 (S.D. Miss. 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

supplied thus far, whether the newly added parties are – or are not – diverse in citizenship.

Whether this court has jurisdiction over this action, as amended, is a threshold matter that cannot be resolved on the face of the pleadings filed to date. Accordingly,

IT IS ORDERED that the parties shall submit, not later than twenty-one days after the date of this order, sufficient facts addressing the citizenship of the parties and supporting all relevant facts with summary-judgment-type evidence.

Signed at Lafayette, Louisiana, this 17th day of October, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE